AO 91 (Rev. 11/11) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

FILED
JUN 13 2025
PETER A. MOORE, JR., CLERK
US DISTRICT COURT, EDNC
BY ____BC____ DEP CLK

| | |
|---|---|
| United States of America<br>v.<br>Alexander Jules Pawluk<br><br>*Defendant(s)* | )<br>)<br>)  Case No. 7:25-mj-1173-RJ<br>)<br>)<br>)<br>) |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 12, 2025__ in the county of __Onslow__ in the __Eastern__ District of __North Carolina__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| Title 21 U.S.C. Section 841(a)(1) | Distribution of a Controlled Substance |

This criminal complaint is based on these facts:

see attached affidavit.

☑ Continued on the attached sheet.

*Complainant's signature*

Taylor J. Kosty, NCIS Special Agent
*Printed name and title*

On this day, __Taylor Kosty__ appeared before me via reliable electronic means, was placed under oath, and attested to the contents of this Complaint.

Date: __June 13 2025__

*Judge's signature*

Robert B. Jones, Jr. US Magistrate
*Printed name and title*

City and state: __Wilmington, North Carolina__

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NORTH CAROLINA
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>ALEXANDER JULES PAWLUK<br>*Defendant.* | Case No. 7:25-mj-1173-RJ |

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Taylor J. Kosty, being duly sworn, dispose and state as follows:

## BACKGROUND

1. I am a civilian Special Agent (SA) with the Naval Criminal Investigative Service (NCIS) assigned to NCIS Resident Agency (NCISRA) Camp Lejeune, NC (CALE). I have been employed as an NCIS SA since December 2019. I have a Master's Degree in Business Administration (MBA), and Bachelor's Degree in Business Accounting from Stockton University. I am a graduate of the Criminal Investigator Training Program (CITP) and the NCIS Special Agent Basic Training Program at the Federal Law Enforcement Training Center (FLETC) located in Glynco, Georgia. As an NCIS SA, I have conducted criminal investigations, which have included, but were not limited to, interviewing (victims, witnesses, and suspects), collection of physical evidence at crime scenes, recruiting Cooperating Witnesses (CW)/ Confidential Informants (CI)/Confidential Sources (CS), assisting with and/or coordinating "buy-walk", "Buy/Bust", and "rip" operations, writing and executing search authorizations, and conducting surveillance. I am currently assigned to CALE's Special Operations Unit (CALE SOU), investigating a range of criminal offenses, under the United States Code (USC) and the Uniform Code of Military Justice (UCMJ), to include narcotics, and firearms violations. I was previously assigned to NCISRA San Diego, CA, SOU,

where I investigated a range of criminal violations to include narcotics, human trafficking, prostitution, property crime, and human smuggling. While assigned to NCIS SOU teams I have conducted numerous debriefs with users of controlled substances. The debriefs taught me about various street names for controlled substances, common methods of payment, and common methods of communication/ coordination. Furthermore, I completed the California Narcotic Officer's Association (CNOA) Basic Narcotic/ Specialized Unit Investigator Course. The course further trained me on topics to include, but not limited to, narcotics identification and symptomology, undercover officer safety, informant management and control, and surveillance techniques.

2. As a federal agent, I am authorized to investigate violations of laws of the United States and, as a law enforcement officer, I am authorized to execute warrants issued under the authority of the United States.

3. This affidavit is submitted in support of a criminal complaint charging Alexander Jules PAWLUK, with a violation of Title 21 U.S.C. § 841(a)(1) (distribution of a controlled substance).

4. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other law enforcement officers, witnesses, and/or agencies. Because this affidavit is being submitted for the limited purposes of securing a criminal complaint, I have not included every fact known to law enforcement concerning this investigation. Rather, I have set forth only the facts necessary to establish probable cause for the requested complaint.

## JUNE 11, 2025 CONTROLLED BUY

5. On June 11, 2025, law enforcement was contacted by a source of information ("SOI") that advised they could purchase controlled substances from a person they identified as "Alex Pawluk." The SOI stated that "Alex Pawluk" had recently been removed from the Marine Corps. Law enforcement in the Jacksonville, NC, area was familiar with an individual by the name of Alexander Jules Pawluk

("S/PAWLUK") from pending state-level drug and weapon charges who had recently been discharged from the Marine Corps.

6. On the same day, the SOI placed a controlled call to S/PAWLUK. During the call, S/PAWLUK agreed to sell the SOI an "eightball" (approximately 3.5 grams) of methamphetamine. The SOI agreed to meet S/PAWLUK at a mutual location within the city of Jacksonville, NC.

7. Law enforcement surveillance traveled to the known address of S/PAWLUK (125 Circle Drive, Jacksonville, NC), and observed S/PAWLUK travel to the location where the SOI and S/PAWLUK had previously agreed to meet. Once there, S/PAWLUK sold the SOI approximately 3.5 grams of suspected methamphetamine. Immediately after the deal, law enforcement surveillance observed S/PAWLUK travel directly back to his residence at 125 Circle Drive, Jacksonville, NC. The SOI returned and met with law enforcement and turned over the suspected methamphetamine.

8. Prior to the deal occurring, the SOI and their vehicle was searched for contraband and no contraband was recovered. After the deal was completed, the SOI and their vehicle were searched again, and no contraband was recovered.

9. During the deal, the SOI was equipped with a covert recording device. The recording device captured S/PAWLUK as the individual selling the suspected methamphetamine to the SOI.

10. The suspected methamphetamine that S/PAWLUK sold to the SOI was field-tested and it field-tested positive for methamphetamine.

[REMAINDER OF PAGE LEFT BLANK INTENTIONALLY]

## CONCLUSION

11. Based upon the above information, I respectfully submit there is probable cause to believe that Alexander Jules Pawluk committed the following violation on June 11, 2025: distribution of a controlled substance in violation of Title 21 U.S.C. § 841(a)(1). I respectfully request that the Court issue the attached complaint and arrest warrant for Alexander Jules Pawluk.

Respectfully submitted,

*Taylor J. Kosty*
Taylor J. Kosty, Special Agent
Naval Criminal Investigative Service

Subscribed and sworn in accordance with Fed.R. Crim. P. 4.1 on June 13, 2025.

Robert B. Jones, Jr.
United States Magistrate Judge

4